**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-4836**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AARON BANKS DIXON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:17-cr-00055-KDB-DCK-1)

---

Submitted:  September 29, 2020               Decided:  November 24, 2020

---

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Banks Dixon appeals the 360-month sentence imposed by the district court following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court imposed a reasonable sentence. Although notified of his right to file a pro se brief, Dixon has not done so. Finding no reversible error, we affirm.

We have jurisdiction to review Dixon's sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement because the advisory Sentencing Guidelines range was "a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775-76 (2018). "We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In this case, the district court correctly calculated the advisory Guidelines range, gave the parties an opportunity to be heard, imposed the sentence to which the parties stipulated, and explained its reasoning pursuant to the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense conduct and Dixon's history and characteristics, as well as the need to protect the public and provide just punishment and deterrence. *See Gall*, 552 U.S. at 49-51 (providing standard). Furthermore, Dixon has not rebutted the presumption of reasonableness accorded to his within-Guidelines-range

2

sentence. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Accordingly, we conclude that Dixon's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dixon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3